# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL H. YOUNG and REANNA K. YOUNG,<br><br>Plaintiffs,<br><br>vs.<br><br>WORLD SAVINGS BANK, FSB, et al.,<br><br>Defendants. | CASE NO. 11-CV-879 JLS (WVG)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 4.) |

Presently before the Court is Defendants World Savings Bank, FSB, Wachovia Corporation, Wells Fargo Bank, N.A., and Golden West Savings Association Company Regional Trustee Services Corporation's motion to dismiss. (Mot. to Dismiss, ECF No. 4.) Also before the Court are Plaintiffs Michael H. Young and Reanna K. Young's opposition, (Opp'n, ECF No. 10), and Defendants' reply, (Reply, ECF No. 13). After consideration, the Court **GRANTS** Defendants' motion to dismiss.

## BACKGROUND

Plaintiffs borrowed $413,600 from World Savings Bank on September 29, 2006. (Compl. ¶ 15, ECF No. 1-2 Exhibit A.) The loan was secured by a deed of trust on the real property located at 4553 Big Sur Street, Oceanside, CA 92057. (Compl. ¶ 13.) World Savings Bank thereafter changed its name to Wachovia, and then Wachovia merged into a division of Wells Fargo. (Compl. ¶ 2.) Plaintiffs sent Defendants numerous letters them asking to confirm the loan amount and to prove that Defendants were the actual creditors. (Compl. ¶ 21, 38, 48, 51, 54.) Plaintiffs received a Notice of Default dated September 21, 2010, and a Notice of Trustee's Sale dated December 16, 2010. (Compl. ¶ 50, 57.)

1    Plaintiffs filed their complaint in the Superior Court of California, County of San Diego.
2  Defendants removed the action to this Court.  Plaintiffs' complaint asserts five causes of action:
3  (1) trespass; (2) declaratory relief; (3) injunctive relief; (4) violation of California's Unfair
4  Competition Law; and (5) breach of the implied covenant of good faith and fair dealing.

## LEGAL STANDARD

6    Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that
7  the complaint "fail[s] to state a claim upon which relief can be granted."  The Court evaluates
8  whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of
9  Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the
10 pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . .
11 it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*
12 *v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.
13 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his
14 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the
15 elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*,
16 478 U.S. 265, 286 (1986)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid
17 of 'further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

18    "To survive a motion to dismiss, a complaint must contain sufficient factual matter,
19 accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*,
20 550 U.S. at 570); *see also* Fed.R.Civ.P. 12(b) (6).  A claim is facially plausible when the facts pled
21 "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct
22 alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be
23 probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully."
24 *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to
25 relief.  *Id.*  (quoting *Twombly*, 550 U.S. at 557).  Further, the Court need not accept as true "legal
26 conclusions" contained in the complaint.  *Id.*  This review requires context-specific analysis
27 involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted).
28 "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.'" *Id.*

## ANALYSIS

### 1. Defendants' Request for Judicial Notice

Defendants request judicial notice for Exhibits A through I. (Req. for Judicial Notice ISO Mot. to Dismiss, ECF No. 4-2.) Generally on a motion to dismiss, a court may only consider three things: (1) "allegations contained in the pleadings," (2) "exhibits attached to the complaint," and (3) "matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted). However, a Court may also "consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Id.* (citation omitted). Plaintiffs do not oppose Defendants' request for judicial notice, the documents are publicly recorded, and their authenticity is not in dispute. The Court takes judicial notice of Exhibits A through I.

### 2. Defendant's Motion to Dismiss

Plaintiffs assert causes of action for trespass, declaratory relief, injunctive relief, violation of California Business & Professions Code § 17200, and breach of the implied covenant of good faith and fair dealing. The Court discusses the declaratory and injunctive relief claims last.

#### A. *Trespass*

Plaintiffs' trespass claim asserts that Defendants improperly interfered with Plaintiffs' possession of property when Defendants initiated a non-judicial foreclosure without proving that it had standing to do so. (Compl. ¶ 85–92.) Plaintiffs fail to state a claim upon which relief can be granted because the non-judicial foreclosure was performed pursuant to the rights granted under the deed of trust and the deed of trust was enforced by a party with standing to do so.

First, a non-judicial foreclosure that proceeds pursuant to rights granted under the deed of trust is not an unlawful interference with one's property rights. *Bonner v. Select Portfolio Servicing, Inc.*, 2010 WL 2925172, at *12 (N.D. Cal. July 26, 2010). And here the deed of trust indicates that if Plaintiffs do not regularly make loan payments, Defendants "may exercise the power of sale, take action to have the Property sold under applicable law, and invoke such other

remedies as may be permitted under any applicable law." (RJN Ex. B, ECF No. 4-2.) Plaintiffs consented to non-judicial foreclosure in their deed of trust and thus cannot claim that Defendants unlawfully interfered with their property rights.

Second, Defendants had standing to enforce the deed of trust. Plaintiffs argue that because they obtained their loan from World Savings Bank, World Savings Bank "is the Lender and the only party entitled to enforce the Note and any security interest with it." (Compl. ¶¶ 14–15, 80.) But subsequent to making the loan, World Savings Bank changed its name to Wachovia Mortgage, FSB. (RJN Ex. E, ECF No. 4-2.) Wachovia Mortgage then merged into Wells Fargo Bank, N.A. Pursuant to this series of name changes and mergers, Wells Fargo has standing to foreclose pursuant to the deed of trust. *See Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1035 (N.D. Cal. 2010) (finding proper a transfer between World Savings Bank, FSB and Wachovia Mortgage, now a division of Wells Fargo Bank, N.A.). Moreover, to the extent "Defendants have failed to refused to [sic] produce the actual note," (Complaint ¶ 92), "California law does not require possession of the [original] note as a precondition to non-judicial foreclosure under a deed of trust." *Ngoc Nguyen*, 749 F. Supp. 2d at 1035.

**B.     *Violation of California Business & Professions Code § 17200***

Plaintiffs allege that Defendants violated California Business and Professions Code § 17200 (UCL). (Compl. ¶ 105.) To state a UCL claim, a plaintiff must allege that the defendant engaged in a business act or practice that is unlawful, unfair, or fraudulent. Cal. Bus. & Prof. Code § 17200.

Plaintiff's complaint fails to allege acts that are unlawful, unfair, or fraudulent. For instance, Plaintiffs assert that Defendants "committed unfair acts as defined by *Business and Professions Code § 17200* by engaging in the following practices:". (Compl. ¶ 106.) Unfortunately, no acts are presented after the colon.

Plaintiffs also assert that Defendants' policy and practices were unlawful. (Compl. ¶ 108.) Under the "unlawful" prong, a plaintiff's claim must successfully "borrow" violations of other laws that are considered "unlawful practices that the unfair competition law makes independently actionable." *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000).

1  Here, Plaintiffs do not allege violations of other laws.  Plaintiffs mention TILA, but do not allege a
2  violation.  Instead, Plaintiff asserts that Defendants' conduct "threatens an incipient violation
3  of . . . TILA."  (Compl. ¶ 108.)
4      And finally Plaintiffs claim that Defendants' practices were "likely to mislead," and that
5  Defendants "foreclosed . . . in concert with their scheme to defraud Plaintiffs out of their
6  property."  (Notice of Removal Ex. A.)  "Rule 9(b)'s heightened pleading standards apply to
7  claims for violations of the . . . UCL."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.
8  2009).  Thus, allegations of a complaint which aver fraud "shall be stated with particularity," and a
9  plaintiff must "plead facts such as the time, place and nature of the alleged fraudulent activities."
10 Fed.R.Civ.P. 9(b); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).
11 Other than the conclusory statements of fraud, Plaintiffs here do not plead any facts underlying the
12 alleged fraud with particularity.
13     Having failed to allege a violation of any of the three § 17200 prongs, the Court **GRANTS**
14 Defendants' motion to dismiss as to this cause of action.  To the extent this cause of action is
15 based on whether Defendants have standing to pursue non-judicial foreclosure, the Court notes the
16 discussion in the previous section.

17 *C.   Breach of Implied Covenant of Good Faith and Fair Dealing*
18     Plaintiffs argue that "there existed an implied covenant of good faith and fair dealing
19 requiring Defendants, and each of them, to safeguard, protect, or otherwise care for the assets and
20 rights of Plaintiffs."  (Compl. ¶ 116.)  Defendants allegedly breached this covenant by initiating
21 foreclosure without proving that it had the right to do so.  (Compl. ¶ 118.)
22     "As a general matter, a court should not conclude that a foreclosure conducted in
23 accordance with the terms of a deed of trust constitutes a breach of the implied covenant of good
24 faith and fair dealing."  *Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 884 (N.D.
25 Cal. 2010) (internal quotation marks and citations omitted); *accord Banks v. HomEq Servicing*,
26 2010 WL 1009998, at *4 (S.D. Cal. Mar. 18, 2010).  An implied covenant of good faith and fair
27 dealing also cannot contradict the express terms of a contract nor can it impose a duty to forbear
28 from enforcing those express terms.  *Banks*, 2010 WL 1009998, at *4 (finding that a foreclosure

pursuant to a contract does not breach the implied covenant of good faith and fair dealing).

As discussed, foreclosure here was conducted in accordance with the deed of trust by a party who could properly do so. And "California law does not require possession of the [original] note as a precondition to non-judicial foreclosure under a deed of trust." *Ngoc Nguyen*, 749 F. Supp. 2d at 1035. Thus, Plaintiffs cannot claim that Defendants breached any implied covenant of good faith and fair dealing. The Court **GRANTS** Defendant's motion to dismiss as to this claim.

### D.     *Declaratory and Injunctive Relief*

Plaintiffs argue that a "declaration of rights and duties of the parties herein are essential." (Compl. ¶ 97.) Under federal law, a litigant may bring an action pursuant to the Declaratory Judgment Act. 28 U.S.C. § 2201. Here, Plaintiffs' claim for declaratory relief is based upon the other causes of action, all of which are being dismissed. Plaintiffs thus fail to sufficiently raise a right to relief. The Court **GRANTS** Defendants' motion to dismiss on this claim.

Plaintiffs also request injunctive relief. But "[i]njunctive relief, like damages, is a remedy requested by the parties, not a separate cause of action." *Mehta v. Wells Fargo Bank*, 737 F. Supp. 2d 1185, 1205 (internal quotation marks and citations omitted). "A cause of action must exist before injunctive relief may be granted." *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1182 (E.D. Cal. 2010) (internal quotation marks and citations omitted). Plaintiffs' request is dependent on the other claims, and because Plaintiffs' other claims fail, the claim for injunctive relief must also fail. Defendants' motion to dismiss with respect to this claim is **GRANTED**.

## CONCLUSION

For the reasons stated, Defendants' motion to dismiss is **GRANTED**. Plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE**. Any amended complaint **SHALL BE FILED** within 28 days of the day this Order is electronically docketed.

**IT IS SO ORDERED.**

**DATED: August 1, 2011**

**Honorable Janis L. Sammartino
United States District Judge**