UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL H. YOUNG and REANNA K. YOUNG,<br><br>                            Plaintiff,<br><br>    vs.<br><br>WORLD SAVINGS BANK, FSB, et al.,<br><br>                            Defendants. | CASE NO. 11CV879 JLS (WVG)<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS AND (2) DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE**<br><br>(ECF Nos. 17, 18) |

Presently before the Court are Defendants' motion to dismiss Plaintiffs Michael H. Young and Reanna K. Young's (collectively, "Plaintiffs") first amended complaint, (Mot. to Dismiss, ECF No. 17), and Defendants' motion to strike portions of Plaintiffs' first amended complaint, (Mot. to Strike, ECF No. 18). Also before the Court are Plaintiffs' response in opposition, (Resp. in Opp'n, ECF No. 20), and Defendants' reply in support, (Reply in Supp., ECF No. 22). The hearing set for the motion on December 8, 2011, was vacated, and the matter taken under submission on the papers. Having considered the parties' arguments and the law, the Court **GRANTS** Defendants' motion to dismiss and Defendants' motion to strike is therefore **DENIED AS MOOT**.

## BACKGROUND

This Order incorporates by reference the background facts as set forth in this Court's August 1, 2011 Order. (Order 1–2, ECF No. 15) In short, Plaintiffs obtained a loan from World Savings Bank FSB, secured by a deed of trust. Subsequently, World Savings Bank FSB changed its name to Wachovia Mortgage, FSB, which later became known as Wachovia Mortgage, a

division of Wells Fargo Bank, N.A.  Eventually, Plaintiffs defaulted on their loan and foreclosure proceedings were initiated.  (*Id.*)

Plaintiffs' first amended complaint ("FAC") asserts the following claims: (1) intentional fraud; (2) violation of California Civil Code section 2923.5; (3) declaratory relief; (4) wrongful foreclosure; (5) breach of the covenant of good faith and fair dealing; and (6) unfair competition. (FAC, ECF No. 16)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally known as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim" showing that the pleader is entitled to relief.  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — U.S.— , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' for his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, the

1 Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review 2 requires context-specific analysis involving the Court's "judicial experience and common sense." 3 *Id.* at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere 4 possibility of misconduct, the complaint has alleged— but it has not 'show[n]'— 'that the pleader 5 is entitled to relief.'" *Id.*

6 When a motion to dismiss is granted, "leave to amend should be granted 'unless the court 7 determines that the allegation of other facts consistent with the challenged pleading could not 8 possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 9 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 10 1986)). In other words, the Court may deny leave to amend if amendment would be futile. *See* 11 *id.*; *Schreiber Distrib.*, 806 F.2d at 1401.

12 **ANALYSIS**

13 **1. Defendants' Request for Judicial Notice**

14 Defendants again request judicial notice for Exhibits A through I. (Req. for Judicial Notice 15 ("RJN"), ECF No. 17-1) Generally, on a motion to dismiss, a court may consider only three 16 things: (1) "allegations contained in the pleadings," (2) "exhibits attached to the complaint," and 17 (3) "matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th 18 Cir. 2007) (citation omitted). However, a court may also "consider a writing referenced in a 19 complaint but not explicitly incorporated therein if the complaint relies on the document and its 20 authenticity is unquestioned." *Id.* (citation omitted). Plaintiffs do not oppose Defendants' request 21 for judicial notice, the documents are publicly recorded, and their authenticity is not in dispute. 22 Thus, the Court takes judicial notice of Exhibits A through I.

23 **2. Defendants' Motion to Dismiss**

24 *A. Intentional Fraud*

25 Plaintiffs' first claim in the FAC is for intentional fraud, premised on Wachovia's lack of 26 standing to foreclose on the loan. (FAC ¶¶ 50–61, ECF No. 16) But this Court has already held 27 that Wachovia has standing to enforce the deed of trust, and Plaintiffs have added no new 28 allegations to challenge that holding. (Order, Aug. 1, 2011, 3, ECF No. 15 ("[T]he non-judicial

Case 3:11-cv-00879-JLS -WVG   Document 24    Filed 12/13/11   Page 4 of 8

1 foreclosure was performed pursuant to the rights granted under the deed of trust and the deed of
2 trust was enforced by a party with standing to do so.")  Thus, to the extent Plaintiffs' claim for
3 intentional fraud is based on the erroneous premise that Wachovia lacks standing to foreclose, the
4 claim necessarily fails.

5       Plaintiffs' intentional fraud claim also fails because it fails to state the essential elements of
6 a fraud claim, and fails to meet the heightened pleading requirements of Federal Rule of Civil
7 Procedure 9(b).  To state a claim for misrepresentation or fraud under California law Plaintiffs
8 must plead "'(1) misrepresentation (false representation, concealment, or nondisclosure);
9 (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable
10 reliance; and (5) resulting damage.'" *Alliance Mortgage Co. v. Rothwell*, 900 P.2d 601, 608 n.4
11 (Cal. 1995) (quoting *Molko v. Holy Spirit Ass'n*, 762 P.2d 46, 53 (Cal. 1988)).  Moreover, the
12 fraud claim is subject to the heightened pleading requirements of Rule 9(b).  *See Neilson v. Union*
13 *Bank, N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003).  Under this rule, Plaintiffs must "state
14 with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b).  The allegations
15 of fraud must "be 'specific' enough to give defendants notice of the particular misconduct . . . so
16 that they can defend against the charge and not just deny that they have done anything wrong."
17 *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Bly-Magee v.*
18 *California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).  Namely, these allegations "must be
19 accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (quoting
20 *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). "'[A] plaintiff must set forth more than the
21 neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or
22 misleading about a statement, and why it is false.'" *Id.* (quoting *Decker v. GlenFed, Inc.*, 42 F.3d
23 1541, 1548 (9th Cir. 1994)).

24       Plaintiffs' allegations of fraud are limited to the following paragraph:

25     Defendants had exclusive knowledge not accessible to Plaintiff of material facts
    pertaining to its mortgage lending activities that it did not disclose to Plaintiff at
26     the time of their request for validation of the loan, the intent to sell Plaintiff
    mortgages above their actual values to bilk investors and knowledge that the
27     scheme would result in a liquidity crisis that would gravely damage Plaintiff.

28 (FAC ¶ 56, ECF No. 16)  In addition to the fact that Plaintiffs' claim for fraud falls far short of the

- 4 -    11cv879

standard required by Rule 9(b) in that Plaintiffs fail to allege "the who, what, when, where, and how" of the alleged nondisclosures, Plaintiffs have not pleaded all of the essential elements of a claim for fraud.

First, Plaintiffs' claims of fraud are premised on Defendants' alleged nondisclosure of material facts—namely, that Defendants intended to sell the mortgage above its actual value in order to bilk investors. (FAC ¶ 56, ECF No. 16) Claims of concealment require that "the defendant must have been under a duty to disclose some fact to the plaintiff," however. *Hahn v. Mirda*, 54 Cal. Rptr. 3d 527, 530 (Cal. Ct. App. 2007). But Plaintiffs have not alleged that Defendants had a duty to disclose, and it is well settled that there is no fiduciary duty between lenders and borrowers such that Defendants would have an affirmative duty to disclose. *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 283 Cal. Rptr. 53, 55 n.1 (Cal. Ct. App. 1991). And although there may be a duty for lenders to disclose certain things pursuant to some alternative legal authority, Plaintiffs have failed to identify any authority that requires Defendants to disclose their intent to sell the mortgage above its actual value.

Second, as Defendants point out, Plaintiffs indicate that the alleged concealment took place at the time of the loan validation request—May 28, 2010 (FAC ¶ 35, ECF No. 16)—almost four years after Plaintiffs entered into the original loan transaction, (*id.* ¶ 56). Thus, Plaintiffs could not have relied on Defendants' concealment of a material fact to their detriment, since Plaintiffs entered into the loan several years before the concealment occurred. And to the extent Plaintiffs are contending that their reliance consisted of their continued payments on the loan following the loan validation request, (*see* Resp. in Opp'n 16, ECF No. 20), their claim also fails; Plaintiffs were already obligated to make payments on their mortgage, and that obligation continued despite the lender's name change.[1]

Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' claim for intentional fraud.

---

[1] Having found that Plaintiffs have failed to allege sufficient facts to establish two of the essential elements of a claim for fraud—namely, misrepresentation and justifiable reliance—the Court will not consider whether the other elements have been sufficiently alleged, and makes no final judgment as to their presence or absence in the complaint.

### B. Violation of California Civil Code section 2923.5

Plaintiffs' second claim alleges that Defendants violated section 2923.5 of the California Civil Code by failing to contact and failing to exercise due diligence in attempting to contact Plaintiffs prior to filing a notice of default, notwithstanding the declaration of compliance filed concurrently with the notice of default. (FAC ¶¶ 62–69, ECF No. 16); (RJN Ex. C at 30, ECF No. 17-1 (declaration of compliance)) This claim fails, however, as the asserted portions of section 2923.5 have been preempted by the Home Owners' Loan Act of 1933, 12 U.S.C. § 1461, *et seq.* ("HOLA"). *See Quintero Family Trust v. OneWest Bank, F.S.B.*, 2010 U.S. Dist. LEXIS 63659, at *18 (S.D. Cal. June 25, 2010) ("[T]he state law's requirements dealing with contacting the borrower and including a specific declaration in the Notice of Default fall squarely within the scope of HOLA's Section 560.2(b)(10), which deals with the '[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages.'" (second alteration in original)); *Guirdano v. Wachovia Mortg., F.S.B.*, 2010 U.S. Dist. LEXIS 136284, at *11 (N.D. Cal. Dec. 14, 2010) ("Although the Ninth Circuit has yet to address the issue, several district courts within the circuit . . . have concluded that claims under [section 2923.5] are preempted by HOLA."). As a result, this claim is **DISMISSED WITH PREJUDICE**.

### C. Wrongful Foreclosure

Plaintiffs wrongful foreclosure claim is based on their claim that Defendants lack standing to foreclose on the loan. (FAC ¶ 82, ECF No. 16) As such, the wrongful foreclosure claim necessarily fails because the Court has already concluded that Defendants have standing, *see supra* at 3–4. Thus, Defendants' motion to dismiss this claim is **GRANTED**.

### D. Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiffs again argue that "there existed an implied covenant of good faith and fair dealing requiring Defendants, and each of them, to safeguard, protect, or otherwise care for the assets and rights of Plaintiffs," (FAC ¶ 101, ECF No. 16), and that Defendants allegedly breached this covenant by initiating foreclosure without proving that it had the right to do so, (*id.* ¶ 102). But the Court already determined that these allegations were insufficient to state a claim for breach of the implied covenant of good faith and fair dealing, and finds the allegations insufficient for the

same reason here.  (Order, Aug. 1, 2011 at 5–6, ECF No. 15)

Plaintiffs add allegations that they have made monthly mortgage payments to Defendants when in fact Defendants had no right to those payments, and that therefore Defendants were unjustly enriched.  (FAC ¶¶ 95–99, ECF No. 16)  These allegations do not cure the deficiencies noted, however, as the Court has already concluded that Defendants own the note, *see supra* at 3–4, and therefore were entitled to the monthly payments.

Accordingly, Defendants' motion to dismiss this claim is **GRANTED**.

### E. Unfair Competition

Plaintiffs' sixth claim for relief is for unfair business practices in violation of California Business and Professions Code § 17200, *et seq*. ("Unfair Competition Law" or "UCL").  But for a few cosmetic changes, this claim mirrors the UCL claim from the prior complaint, which this Court previously dismissed.  (Order, Aug. 1, 2011 at 4–5, ECF No. 15)  Specifically, Plaintiffs allege that "Defendants have committed unfair acts as defined by Business and Professions Code § 17200, by engaging in the following practices:."  (FAC ¶ 107, ECF No. 16).  But yet again, Plaintiffs have not presented any acts after the colon.  And so, yet again, the Court must find that Plaintiffs' complaint fails to allege acts that are unlawful, unfair, or fraudulent, and incorporates by reference the analysis from the prior order.  Defendants' motion to dismiss this claim is **GRANTED**.

### F. Declaratory Relief

Plaintiffs "desire[] a judicial determination of [their] rights and duties as to the validity of the Note and [Deed of Trust], and Defendants' rights to proceed with non-judicial foreclosure."  (FAC ¶ 73, ECF No. 16)  Under federal law, a litigant may bring an action pursuant to the Declaratory Judgment Act.  28 U.S.C. § 2201.  Here, Plaintiffs' claim for declaratory relief is based on the other claims, all of which are being dismissed.  Plaintiffs thus fail to sufficiently raise a right to relief.  The Court **GRANTS** Defendants' motion to dismiss on this claim.

### 3. Defendants' Motion to Strike

Having dismissed Plaintiffs' complaint in its entirety, Defendants' motion to strike is **DENIED AS MOOT**.

**CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss is **GRANTED** and motion to strike is **DENIED AS MOOT**. Plaintiffs' claim for violation of section 2923.5 of the California Civil Code is **DISMISSED WITH PREJUDICE**, and the remainder of the FAC is **DISMISSED WITHOUT PREJUDICE**. Any amended complaint **SHALL BE FILED** within 28 days of the day this Order is electronically docketed.

**IT IS SO ORDERED**.

DATED: December 13, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge